

# THE ATTORNEY GENERAL
# OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

July 6, 1989

Honorable Bill Reimer
Comal County Attorney
150 N. Seguin, Suite 318
New Braunfels, Texas 78130

Opinion No. JM-1068

Re: Validity of a contract between an appraisal district and a retirement plan (RQ-1732)

Dear Mr. Reimer:

You ask whether the Comal Appraisal District is authorized to enter into a contract with a private association under which the district would, for the benefit of district employees, adopt and contribute district funds to a "private retirement plan" offered by the association.

An appraisal district is a political subdivision of the state established in each county to appraise property in the district for ad valorem tax purposes of the state and taxing entities in the district. Tax Code § 6.01 et seq.

Having reviewed the constitutional and statutory scheme for the establishment of retirement plans for public employees in Texas, we conclude that an appraisal district is not authorized to enter into the contract you describe.

Article XVI, section 67, of the Texas Constitution provides in part that the legislature may enact general laws establishing retirement programs for public officers and employees. The provisions also require that the legislature establish retirement systems for various categories of public officers and employees. Article XVI, section 67(c)(1)(B), of the constitution provides that the legislature shall provide for "a statewide system of benefits for the officers and employees of counties or other political subdivisions of the state in which counties or other political subdivisions may voluntarily participate." The latter provision would apply to appraisal districts.

By statute, V.T.C.S. Title 110B, the legislature has provided for the Employees Retirement System for state officers and employees, section 21.001 et seq.; the Teacher Retirement System, section 31.001 et seq.; the Municipal Retirement System for officers and employees of cities and

towns, section 61.001 et seq.; a Judicial Retirement System, sections 41.001 et seq. and 71.001 et seq.; and the County and District Retirement System for counties and certain other political subdivisions of the state, section 51.001 et seq. See also V.T.C.S. Title 110B, ch. 36 (participation in private retirement program for higher education faculty authorized under Optional Retirement Program).

The legislature has also provided, in V.T.C.S. articles 6228j and 6243k, that counties and cities or towns respectively may, pursuant to an election, create local retirement programs for their officers and employees. See also V.T.C.S. arts. 6243a, 6243b, 6243d-1, 6243e, 6243e-2, 6243f (provisions for retirement programs for firemen and policemen).

An appraisal district would appear to fall under the definition of "subdivision" in section 51.001 of the provisions of Title 110B, V.T.C.S., for the County and District Retirement System and thus be eligible to participate in that system. We understand that the "private retirement plan" which you ask about is not part of the County and District Retirement System.[1]

We find no provision either in the constitution or statutes authorizing a subdivision such as an appraisal district to participate in any retirement plan other than the public County and District Retirement System provided for in sections 51.001 et seq. of V.T.C.S. Title 110B. In view of the detailed provisions made by the legislature in Title 110B for statewide retirement systems for education personnel, and state, county and district, and city officers and employees, and the specific authorization for the establishment of local programs for county and city personnel and policemen and firemen in V.T.C.S. articles 6228j, 6243k, 6243a, etc., we conclude that the absence of provisions for a subdivision such as an appraisal district to participate in a retirement plan other than the County and District Retirement System under Title 110B, indicates that the legislature did not intend to authorize such districts to contract and expend district funds for a private retirement plan.

---

1.   Please note also that we find no provisions of law authorizing the operation of such a "private retirement plan" as part of the County and District Retirement System.

You also raise an issue in your request as to the applicability of the federal Employees Retirement Income Securities Act (ERISA), found in chapter 18 of Title 29, U.S.C., to such a private retirement plan. Since we have concluded that, under state law, the appraisal district is unauthorized to contract for such a plan, we need not address the applicability of ERISA to such a plan.

## S U M M A R Y

The Comal Appraisal District is not authorized to enter into a contract with a private association under which the district would, for the benefit of its employees, adopt and contribute district funds to a private retirement plan offered by the association.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General